IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HANNAH MCCAFFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 21-3029-SLD-JEH |
| | ) | |
| JASON MCATEE, MARY SCHOEN, | ) | |
| DINA ELDRIDGE, ALYSSA BAUER, | ) | |
| LISA JOHNSON, WEXFORD HEALTH | ) | |
| SOURCES, INC., UNKNOWN WEXFORD | ) | |
| HEALTH SOURCES EMPLOYEES, and | ) | |
| UNKNOWN ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JOHNSON'S REPLY TO PLAINTIFF'S
RESPONSE TO HER MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, LISA JOHNSON, by and through her attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, hereby files her *Reply to Plaintiff's Response to Her Motion for Summary Judgment*, stating as follows:

**ARGUMENT**

Despite Plaintiff's claim that Defendant's motion for summary judgment is anathema to the federal judicial system and is mere gamesmanship, the fact remains that Plaintiff has not carried her burden under Federal Rule of Civil Procedure 8. Plaintiff's operative complaint alleges that Defendant Johnson "was, at all relevant times, the healthcare unit administrator at Logan." [Doc. 1, p. 3, para. 11]. Plaintiff has been on notice that she named the wrong individual since Defendant Johnson filed her answer to Plaintiff's complaint on September 21, 2021. [Doc. 46, p. 4, para. 11].[1]

---

[1] Admittedly, Defendant Johnson could and should have filed a motion to dismiss Plaintiff's complaint against her pursuant to Federal Rule 12. This was a mistake on behalf of undersigned counsel, not Defendant Johnson.

Additionally, undersigned counsel spoke to Plaintiff's counsel on the phone on January 12, 2022, to inform her, again, that Defendant Johnson was improperly named. Undersigned counsel informed Plaintiff's counsel of her intent to file a dipositive motion due to Defendant Johnson's lack of personal involvement, and requested Plaintiff voluntarily dismiss Defendant Johnson. Despite this, Plaintiff has yet to amend her complaint, and has refused to dismiss Defendant Johnson from this matter.

Moreover, while Plaintiff alleges Defendant did not properly adhere to Local Rule 7.1 in her motion for summary judgment, specifically with regard to Defendant's Undisputed Material Facts, half of Defendants' undisputed material facts are contained in Plaintiff's complaint itself (UMF 4-6); the other three undisputed material facts are supported by Defendant Johnson's declaration attached to her motion for summary judgment (UMF 1-3). [Doc. 54, Ex. 1].[2] Plaintiff did not respond to *any* of Defendants' undisputed material facts. Rather, Plaintiff attempts to allege that Defendant Johnson's signed declaration is not sufficient evidence to prove that Plaintiff did, in fact, name the wrong individual, and continues on to state that Plaintiff should be allowed to conduct discovery in this matter.

Plaintiff has not carried her pleading burden under Rule 8. She has named the wrong individual and has refused to either amend her complaint or voluntarily dismiss Defendant Johnson from this matter, despite having knowledge for over *five months* that Defendant Johnson was not the Healthcare Unit Administrator at Lincoln at all relevant times, as alleged in her complaint. Plaintiff should not be allowed to proceed on her claim against an improper individual solely for the purpose of obtaining documents and/or

---

[2] A previous version of Defendant's Motion for Summary Judgment was inadvertently filed with the Court. The version filed did not contain proper citations to the record for Defendant's Undisputed Material Facts.

records from the Illinois Department of Corrections—documents which she may obtain through other proper legal procedures, such as the issuance of a subpoena.[3]

## CONCLUSION

It is unfair and prejudicial to Defendant Johnson to allow Plaintiff's counsel to use her, an improperly named party, as a means of obtaining records from the Illinois Department of Corrections. Plaintiff's first discovery request contains over forty burdensome requests for documents, the majority of which will require significant ESI searches. Plaintiff should not be allowed to circumvent her pleading duties in an effort to engage in a fishing expedition.

Because Plaintiff has failed to carry her burden with respect to Defendant Johnson's personal involvement in any alleged constitutional violation, Plaintiff's claim against Defendant Johnson fails as a matter of law. Defendant Johnson is entitled to summary judgment on all of Plaintiff's claims against her.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Court grant her motion for summary judgment, dismiss all claims against her, and dismiss her from this suit.

Respectfully submitted,

LISA JOHNSON,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois

Megan Ditzler, #6318052
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Phone: (217) 782-1841
Fax: (217) 524-5091
Megan.ditzler@ilag.gov

Attorney for Defendant,

By: s/Megan Ditzler
    MEGAN DITZLER
    Assistant Attorney General

---

[3] Defendant Johnson is no longer employed at Logan, and does not have access to the majority of the records sought through Plaintiff's discovery requests.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNAH MCCAFFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 21-3029-SLD-JEH |
| ) | |
| JASON MCATEE, MARY SCHOEN, ) | |
| DINA ELDRIDGE, ALYSSA BAUER, ) | |
| LISA JOHNSON, WEXFORD HEALTH ) | |
| SOURCES, INC., UNKNOWN WEXFORD ) | |
| HEALTH SOURCES EMPLOYEES, and ) | |
| UNKNOWN ILLINOIS DEPARTMENT ) | |
| OF ORRECTIONS EMPLOYEES, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, *Defendant Johnson's Reply to Plaintiff's Response to Her Motion for Summary Judgment*, was electronically filed on February 24, 2022, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Sarah Grady, Esq. | sarah@loevy.com |
| Stephen H. Weil, Esq. | weil@loevy.com |
| James B. Goldberg, Esq. | jgoldberg@jbglawfirm.com |
| Alexandra Newton Rice, Esq. | arice@cassiday.com |
| Alison Matusofsky, Esq. | amatusofsky@cassiday.com |
| Joseph Rupcich, Esq. | jrupcich@cassiday.com |

s/ Megan Ditzler
Megan Ditzler, #6318052
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-1841
(217) 524-5091 Fax
Megan.ditzler@ilag.gov