UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HANNAH MCCAFFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-3029 |
| | ) | |
| JASON MCATEE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, previously proceeding through counsel, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising from her incarceration within the Illinois Department of Corrections. The matter is before the Court to address Magistrate Judge Hawley's recommendation to dismiss this case for Plaintiff's failure to prosecute.

Magistrate Judge Hawley scheduled a telephone conference for August 11, 2023, to discuss Plaintiff's counsel's Motion to Withdraw as Attorney. Text Order entered Jul. 19, 2023. Judge Hawley directed Plaintiff to appear at this conference. *Id.* When Plaintiff failed to appear at the August 11, 2023 telephone conference, Judge Hawley granted Plaintiff's counsel's motion to withdraw as counsel and scheduled a video conference for August 25, 2023. Minute Entry entered August 11, 2023. The Court's Minute Entry provides: "Plaintiff is put on notice that a second failure to appear may result in the recommendation that this case be dismissed for failure to prosecute." *Id.* The Clerk sent a copy of this minute entry to Plaintiff at the address provided by Plaintiff's former counsel. No correspondence has been returned to the Court as undeliverable. Plaintiff failed to appear at the August 25, 2023, video conference.

A court may issue sanctions when a "plaintiff fails to prosecute or comply with…a court order." Fed. R. Civ. P. 41(b). A dismissal under this rule is a severe sanction that requires a court to show "a record of delay, contumacious conduct, or that lesser sanctions proved unavailable, as well as prejudice that the delay caused the defendant." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020).

Plaintiff twice failed to appear at hearings before Judge Hawley despite his orders for her to do so and warning that failure to do so could result in sanctions. Plaintiff has not attempted to contact the Court following her counsel's withdrawal, nor does the record disclose that she has attempted to advance this litigation in any meaningful way. Her unexplained failure to comply with court orders suggest that lesser sanctions, such as a fine, would not be effective. This is especially true considering that Plaintiff is no longer in custody and, according to the most recent address on record, now resides in New Jersey.

The Court finds that Plaintiff's failures to appear were intentional, that they unnecessarily delayed these proceedings, and that dismissal of this case is an appropriate sanction under the circumstances. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021) (failure to appear despite warnings of sanctions warranted dismissal as a sanction); *Aura Lamp & Lighting Inc. v. Int'l. Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (dismissal appropriate after "explicit warning" that conduct would result in sanctions).

**IT IS THEREFORE ORDERED:**

1) **This case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.**

2) **Defendants' Motion [127] and any other pending motions are denied as moot.**

3) **If Plaintiff wishes to appeal this dismissal, she must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal,**

**she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 4th day of December, 2023.


_s/Sara Darrow_
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE